# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KYRA HARRISON,**<br><br>Plaintiff,<br><br>v.<br><br>**NEW JERSEY STATE POLICE,** *et al.*,<br><br>Defendants. | Docket No.: 18-cv-16358<br><br>OPINION |

### WILLIAM J. MARTINI, U.S.D.J.:

Plaintiff Krya Harrison ("Plaintiff") brings this action against the New Jersey State Police ("NJSP"), its superintendent, and various State Troopers (collectively "Defendants"). Plaintiff alleges she was pulled over due to her race, assaulted, falsely arrested, and maliciously prosecuted. The matter comes before the Court on Defendants' motion to dismiss pursuant to FRCP 12(b)(6). ECF No. 29 ("Motion"). For the reasons set forth below, the motion should be **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

The basic facts of this case were set forth in the Court's August 1, 2019 Opinion, familiarity with which is assumed. In short, Plaintiff alleges that on November 22, 2016, New Jersey State Trooper Rafael R. Castro targeted her due to her race, pulled her over for pretextual reasons, became angry when she called 9-1-1, arrested her without cause, and in the process, "dragged her from her car, slammed her to the ground, slammed her head to the concrete, stuck his knee in her back and handcuffed her," then dragged her to his patrol car. Amend. Compl. ¶ 28, ECF 27 ("AC"). After being treated for various injuries, Plaintiff was tried and acquitted of calling 9-1-1 without a lawful purpose. *Id.* ¶¶ 34-54.

Plaintiff filed suit on November 21, 2018. ECF No. 1. On August 1, 2019, this Court granted in part and denied in part Defendants' first motion to dismiss. ECF No. 22 ("August Opinion"). The Court gave Plaintiff leave to amend some, but not all, of her claims. ECF No. 23 ("August Order"). Plaintiffs filed the AC on September 26, 2019. Presently before the Court is Defendants' second motion to dismiss. ECF No. 29.

## II. LEGAL STANDARD

A complaint survives a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss if the Plaintiff states a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The movant bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). Courts accept all factual allegations as true and draw "all inferences from the facts alleged in the light most favorable" to plaintiffs. *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

But courts do not accept "legal conclusions" as true and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

## III. DISCUSSION

Defendants move to dismiss portions of Counts One (pattern and practice allegations), Two (Section 1983 excessive force), three (assault and battery), Four (Section 1983 unlawful search/seizure/detention), Five (Section 1983/common law false arrest), Six (Section 1983 malicious prosecution), Seven (Section 1983 conspiracy), Eight (Section 1983 supervisor liability), Nine (negligent hiring/training/retention), ten (Section 1983 equal protection) and Twelve (intentional and negligent infliction of emotional distress).

### A. <u>Pattern and Practice Claim as to NJSP (Count One)</u>

Defendants argue Plaintiff improperly attempts to revive Count One, which the Court previously dismissed with prejudice. Mot. at 2-3. Plaintiff "concedes all claims brought against the NJSP pursuant to 42 U.S.C. § 1983, § 1981, § 1985 and the New Jersey Civil Rights Act were previously dismissed as they are [barred] by the Eleventh Amendment." Opp. at 16, ECF No. 32. Accordingly, Count One, as alleged against NJSP, remains **DISMISSED WITH PREJUDICE**.

### B. <u>Negligent Hiring/Training/Retention (Count Nine)</u>

Next, Defendants argue Plaintiff's negligent hiring, training, and retention claim (Count Nine) fails to meet the requisite pleading standard, and thus must be dismissed. Mot. at 3. Plaintiff's response is befuddling. She first addresses issues not presented in the current motion (e.g., pattern or practice theories for Section 1983 liability) before making a series of conclusory statements regarding the adequacy of the factual allegations in the AC. *See* Opp. at 16-22. But regardless of whether Count Nine is brought under a traditional tort or Section 1983 theory (as Plaintiff's brief discusses), Plaintiff still must allege *facts*–not conclusions or threadbare recitals of elements—that push the claims into the realm of plausibility. *See Ashcroft*, 556 U.S. at 678.

#### *1. Negligent Hiring*

With respect to negligent hiring, Plaintiff alleges no facts from which the Court could plausibly conclude Defendants Joseph Fuentes (superintendent of NJSP) or the NJSP are liable. Other than threadbare recitals of elements and law, nothing indicates they had reason to know hiring Troopers Castro, Jonathan Lupuski, Dana Wilcomes, Jeffrey Almeida, or Sergeant Nicholas Decesare ("Officer Defendants" and with Fuentes, "Individual Defendants") posed a risk before their hiring. *See Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 411 (1997) (for Section 1983, requiring that scrutiny of applicants background would lead to reasonable conclusion that decision to hire would result in deprivation of rights); *G.A.-H. v. K.G.G.*, 210 A.3d 907, 916, *reconsideration denied*, 215 A.3d 913 (N.J. 2019) (for state law theory, requiring that employer knew or had reason to know of the particular unfitness, incompetence, or dangerous attributes of the employee). Thus, the Motion should be **GRANTED** with respect to the negligent hiring claim.

### 2. *Negligent Training and Retention*

With respect to negligent training or retention, to state a claim, plaintiffs must allege that "(1) an employer knew or had reason to know that the failure to supervise or train an employee in a certain way would create a risk of harm and (2) that risk of harm materializes and causes the plaintiff's damages." *G.A.-H.*, 210 A.3d at 916.

While most of the allegations against NJSP and Superintendent Fuentes are mere conclusory statements that would not survive a motion to dismiss, some of the allegations in Count Eight (and incorporated into Count Nine) are specific enough to pass muster. *See* AC pp. 39-40 ¶¶ 4-6. Plaintiff alleges that Fuentes was aware of the specific facts of her mistreatment, including Officer Castro tampering with his recording device. *Id.* Nonetheless, Fuentes allegedly failed to take any steps to intervene in (or at least supervise) Plaintiff's subsequent prosecution by Castro. *Id.* Accordingly, Fuentes had reason to know that his failure to supervise or train Castro created a risk of harm and his failure to provide such supervision or training plausibly injured Plaintiff. *See id.*; *G.A.-H.*, 210 A.3d at 916 (listing elements). Therefore, Defendants' motion to dismiss the negligent training and retention claim is **DENIED**.

### C. Qualified Immunity Defense to Various Claims and Defendants

Defendants argue the Individual Defendants are entitled to qualified immunity. Courts apply a two-part test in determining issues of qualified immunity: (1) "whether the facts that a plaintiff has . . . shown make out a violation of a constitutional right" and (2) "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232, 236 (2009) (citations omitted). While questions of qualified immunity are appropriately answered as a matter of law, issues of fact may preclude ruling before trial. *See Giles v. Kearney*, 571 F.3d 318, 326 (3d Cir. 2009).

### 1. *Supervisory Liability Against Superintendent Fuentes*

Defendants argue all claims against Fuentes—Counts One (pattern and practice allegations), Seven (conspiracy), and Eight (supervisor liability)—must be dismissed because he is entitled to qualified immunity.

To adequately plead a Section 1983 conspiracy claim, Plaintiffs (1) must allege "that persons acting under color of state law reached an understanding to deprive him of his constitutional rights" and (2) "must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 295 (3d Cir. 2018). Here, after stripping away legal conclusions and threadbare recitals of elements (as the Court must), Plaintiff fails to allege any *facts* from which the Court could plausibly find that Fuentes entered into an agreement or took concerted action to violate her rights. *See id.* Thus, the motion to dismiss is **GRANTED** as to the conspiracy claim (Count Seven) against Fuentes.

The Supervisory claim in Count Eight, on the other hand, is adequately plead. The Court previously dismissed Count Eight without prejudice because (1) Plaintiff failed to plead any facts from which the Court could conclude Fuentes established and maintained a custom of permitting similar constitutional violations or (2) had knowledge and acquiesced to the

violations. Aug. Op. at 6. As amended, Count Eight now specifically states that Fuentes knew of the misconduct at issue but allowed false charges to be filed anyway. AC Ct. VIII ¶¶ 4-6. Accordingly, Plaintiff has adequately alleged Fuentes could be liable under a "knowledge and acquiescence" theory, which is "clearly established." *See, e.g.*, *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). Thus, the motion to dismiss Counts Eight against Fuentes is **DENIED**. On the flip side, the allegations regarding Fuentes's maintenance of a custom of unlawful behavior remain too general to pass muster. Accordingly, the motion to dismiss Plaintiff's "pattern and practice" claim (Count One) is **GRANTED**.

### 2. *Conspiracy Against Decesare, Lopuski, Wilcomes, Almeida, and Castro*

Defendants argue the conspiracy claim (Count Seven) against Decesare, Louski, Wilcomes, Almeida, and Castro should also be dismissed because Plaintiff failed to allege sufficient facts to state a claim. Mot. at 12-14. As with Fuentes, Defendants are correct. Count Seven is rife with legal conclusions and devoid of facts. While Plaintiff does allege the other officers were aware that Castro turned off his recording device, AC Ct. VII, ¶ 2, there are no facts from which the Court could reasonably conclude an agreement existed.[1] *See Jutrowski*, 904 F.3d at 295 (requiring agreement). And given that Decesare, Lopuski, Wilcomes, and Almeida are clumped together, the AC fails to give each Defendants adequate notice of what they are alleged to have done. *See Sheeran v. Blyth Shipholding S.A.*, 14-cv-5482, 2015 WL 9048979, at *3 (D.N.J. Dec. 16, 2015) (finding group pleading fails to satisfy FRCP 8). Plaintiff never specifies what evidence these Defendants conspired to fabricate or what they did to coverup the alleged constitutional violations. Fabricating "official reports," "lying," and the like are not specific enough to give adequate notice. If the allegations here passed muster, plaintiffs could state a claim simply by alleging "defendants conspired to fabricate official records." That is insufficient under *Twombly* and *Iqbal*. Accordingly, the motion to dismiss the conspiracy claim (Count VII) is **GRANTED**.

### 3. *Excessive Force and Failure to Intervene Against Decesare, Lopuski, Wilcomes, and Almeida*

Defendants argue Plaintiff fails to state a clam against Officers Decesare, Lopuski, Wilcomes, and Almeida for excessive force and various derivative claims, as well as failure to intervene (Counts Two, Three, and Five). Mot. at 14-19. Direct Excessive force (Count Two), assault and battery (Count Three), and false arrest (Count Five) require some affirmative action for liability to attach. Here, other than their presence as "secondary

---

[1] Instead, Plaintiff repeatedly rephrases the elements of a conspiracy claim, alleging: the officers "conspired with C[astro]" to fabricate evidence, "combined and conspired to accomplish the unlawful objective," "conspired to conceal the true nature of the incident by falsifying the official reports, fabricating evidence and lying in furtherance of their conspiracy to frame [Plaintiff]," "engaged in a conspiracy to coverup the true circumstances" of the incident, and "conspired with each other, reached a mutual understanding, and acted to undertake a course of conduct to cover up the true nature of the incident," and "took numerous overt steps in furtherance of such conspiracy." *Id.* ¶ 2-8.

Troopers who responded to the scene," AC ¶ 32, Plaintiff fails to allege any facts demonstrating involvement by these Defendants. Accordingly, Plaintiff has not stated a claim on which relief can be granted for excessive force, assault and battery, or false arrest as to Officers Decesare, Lopuski, Wilcomes, or Almeida.

As to failure to intervene, for liability to attach, plaintiffs "must demonstrate that the defendants: (1) observed or had knowledge that a constitutional violation was taking place, yet failed to intervene; and (2) had a reasonable and realistic opportunity to intervene." *Monticciolo v. Robertson*, 15-cv-8134, 2017 WL 4536119, at *18 (D.N.J. Oct. 11, 2017) (cleaned up). Here, the AC alleges that Decesare, Lopuski, Wilcomes, and Almeida arrived at the scene and failed to stop Castro. *See* AC ¶ 32. But that is not enough to satisfy the necessary elements. As to observation or knowledge of a violation, Plaintiff does not specify when the officers arrived, where they were positioned, what they witnessed, and what context they had (accurate or otherwise). Unsurprisingly, without such details, the AC also fails to allege facts from which the Court could reasonably conclude these Defendants had a sufficient opportunity to intervene. Accordingly, the motion to dismiss the excessive force, derivative, and failure to intervene claims (Counts Two, Three, and Five) against Defendants Decesare, Lopuski, Wilcomes, and Almeida is **GRANTED**.

### 4. *Unreasonable Detention, False Arrest, and Malicious Prosecution Against Decesare, Lopuski, Wilcomes, and Almeida*

Defendants argue Plaintiff fails to state a clam against Officers Decesare, Lopuski, Wilcomes, and Almeida for unlawful and unreasonable search, seizure, and detention (Count Four), false arrest (Count Five), and malicious prosecution (Count Six). Viable search, seizure, or detention claims require a search or a seizure by the accused. *See Florida v. Bostick*, 501 U.S. 429, 434 (1991) ("Only when the officer . . . has in some way restrained the liberty of a citizen may we conclude that a seizure has occurred." (citation omitted)). None is alleged as to these Defendants. Similarly, false arrest requires the defendant to have arrested the plaintiff. *See Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir.1988) ("The proper inquiry [is] . . . whether the arresting officers had probable cause to believe the person arrested had committed the offense."). Castro, not these Defendants, arrested Plaintiff. AC ¶ 25. And finally, malicious prosecution claims are only viable against defendants who "initiated a criminal proceeding." *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007). No alleged facts indicate these Defendants did so. Accordingly, the motion is **GRANTED** as to the unreasonable detention, false arrest, and malicious prosecution claims (Counts Four-Six) against Decesare, Lopuski, Wilcomes, and Almeida.

### 5. *Equal Protection Against Castro*

Defendants argue Castro is entitled to qualified immunity on Plaintiff's equal protection claim (Count Ten) because "the law has not been clearly established . . . that the facts alleged . . . constitute a constitutional violation." Mot. at 21-22. Defendants hone in on the reason *Officer Castro cited* for pulling Plaintiff over (i.e., passing him on the right), notes Plaintiff failed to allege other cars were also passing on the right, cites a New Jersey law prohibiting such conduct, then asserts that "[t]he Defense has conducted a search and has

5

found no clearly established law holding that an equal protection claim may be maintained against a law officer under these circumstances." *Id.* at 22.

Defendants' argument misses the mark because it fails to properly identify the facts underlying Plaintiff's equal protection claim. Plaintiff is not asserting that Officer Castro pulling her over for passing on the right, in and of itself, violated her rights to equal protection. Plaintiff is complaining about the selective prosecution of a traffic ordinance being used as an excuse to detain and assault her for no reason. The crux of Plaintiff's claim is that she would not have been pulled over, beaten, arrested, or prosecuted if she was another race. Other drivers passing Officer Castro[2] without being pulled over is evidence of discriminatory effect, not Plaintiff's entire claim. *See* August Opinion at 4. The AC also includes allegations of past discriminatory conduct by NJSP officers, further supporting the equal protection claim. *See id.* Defendants fail to convincingly argue that liability for targeting, beating, and arresting African Americans, citing pretextual reasons, is not "clearly established." *See Reiff v. Marks*, 08-cv-5963, 2011 WL 666139, at *5 (E.D. Pa. Feb. 23, 2011) ("Qualified immunity is an affirmative defense for which the defendants bear the burden of proof."). Race-based police brutality and malicious prosecution is perhaps the quintessential Section 1983 action. Accepting the allegations as true, no reasonable officer would believe the alleged conduct was permissible. Therefore, the motion is **DENIED** as to the equal protection claim (Count Ten) against Castro.

### D. Inflection of Emotional Distress (Count Twelve)

Defendants argue Plaintiff's "claims for intentional and negligent infliction of emotional distress fail as against all Defendants other than Castro." Mot. at 22. Plaintiff fails to address Defendants' arguments. Accordingly, the motion to dismiss Count Twelve, as alleged against all Defendants besides Castro, is **GRANTED**. *See E.g.*, *Sportscare of Am., P.C. v. Multiplan, Inc.*, 10-cv-4414, 2011 WL 589955, at *1 (D.N.J. Feb. 10, 2011) (finding failure to respond constitutes waiver).

### E. Leave to Amend

Defendants seek dismissal with prejudice. Plaintiff does not address the issue. Under such circumstances, district courts are still required to inform plaintiffs whether they have leave to amend. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). Generally, amendment is permitted absent "undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed . . . , [or] futility of amendment." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, Plaintiff was already permitted to amend her complaint to cure her failure to plead facts, as opposed to legal conclusions, that make out a plausible claim for relief. *See* August Op. at 4-5 (dismissing discrimination and conspiracy claims for failure to plead facts).

---

[2] While the AC failed to specify which side other cars passed on, given the context, it is reasonable to infer they passed on the right. *See* AC ¶¶ 19-20. It is also reasonable to infer a line of cars passed Castro, *see id.*, making passing on the right potentially permissible, *see* N.J.S. 39:4-85.

6

Further, Plaintiff fails to indicate how amendment could cure any of the dismissed claims, and (besides failure to intervene), the Court cannot see how further amendment would not be futile. Accordingly, leave to amend is **DENIED**.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. An appropriate order follows.

*/s/ William J. Martini*

**Date: March 3, 2020**           **WILLIAM J. MARTINI, U.S.D.J.**